## Commonwealth v. Griffin

*Russel H. Adams* and *M. H. Goldstein,* assistant district attorney, for Commonwealth.

*Louis Rosenfield,* for defendant.

PER CURIAM, January 7, 1943.—Defendant was indicted on a charge of violating the Public Assistance Law of June 24, 1937, P. L. 2051, as amended by the Act of June 26, 1939, P. L. 1091. On July 24, 1941, he was placed on probation for a period of one year and the sentence imposed ordered restitution to the Department of Public Assistance in the sum of $976.54. Defendant paid the costs of prosecution but has made no restitution. He now seeks his release from the custody of the probation officer on the ground that the probation period has expired.

As a general proposition, statutes providing for imprisonment for the commission of crime contain no provision requiring restitution. In such cases probation can be ordered by the sentencing judge but such period of probation shall not be more than the maximum term for which defendant might have been imprisoned: Act of June 19, 1911, P. L. 1055, sec. 5, 19 PS §1056. Under these statutes, where a defendant is placed on probation for the maximum period and ordered to make restitution, if the money has not been paid during the period of the probation the defendant is entitled to a termination of the probation at the expiration of the maximum period provided in the sentence. In these cases the order of restitution is merely a condition of the probation. In Commonwealth v. Howden, 10 D. & C. 504, 505, it is stated:

"In case of an offense for which a term of imprisonment is fixed by law, the suspension of a sentence, or

the parole, or the probation can continue no longer than till the expiration of the maximum term of imprisonment, after which the authority of the court over the defendant for that particular offense is at an end. Should he violate his parole, he can be brought into court and be sentenced, but this must be done during the term of the time of the maximum imprisonment. It cannot be done after that time has elapsed."

In the case at issue, however, we find that the punishment for a violation of the Public Assistance Law of June 24, 1937, P. L. 2051, sec. 13, as amended by the Act of June 26, 1939, P. L. 1091, is as follows:

"Any person . . . upon conviction thereof, shall be sentenced to pay a fine not exceeding five hundred dollars ($500.00), or to undergo imprisonment not exceeding six months, or both, at the discretion of the court, and also shall be sentenced to make restitution of any moneys he has received by reason of any such false statement, misrepresentation, impersonation, or fraudulent means."

In this case the law reads that the defendant "also shall be sentenced to make restitution of any moneys he has received, etc.", and the restitution of $976.54 is part of the sentence and is not merely a condition attached to an order of probation. The distinction between the two situations is very clear. Where there has been a sentence of probation for violation of the Public Assistance Law of Pennsylvania and as part of that sentence the defendant is ordered to make restitution to the Department of Public Assistance, the mere expiration of the period of probation does not deprive the court of authority over the defendant if he has failed to comply with that part of the sentence requiring restitution. Therefore, defendant will not be discharged from probationary control but kept there until restitution is made or he is absolved by it either by order of court or discharge under the insolvency laws.

*Order*

And now, January 7, 1943, the prayer of Sylvester Griffin for final discharge from his probation is refused.